UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――

RICHARD TINDAL, 02B1872,

     Plaintiff,

    v.

GLENN S. GOORD; LESTER N. WRIGHT;
HOLLY A. COLLETT; ANTHONY J. ANNUCCI;
HEMAN FOWLER; FLOYD BENNETT;
DR. AT FIVE POINTS CORRECTIONAL FACILITY;
DR. NORTHRUP, Southport Correctional Facility;
MICHAEL MCGINNIS; PANG KOOI;
BILL ROBINSON; JOHN BURGE, Supt.;
VIRGINIA ANDROSKI; THOMAS POOLE, Supt.
and N. BRADT, Acting Supt.;

     Defendants.

―――――――――――――――――――――

       AMENDED
     DECISION & ORDER

     04-CV-6312


    On July 6, 2004, plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983,

alleging that defendants violated his Eighth and Fourteenth Amendment right to be free from cruel

and unusual punishment.  (Docket # 1).  According to plaintiff, certain employees of the New York

State Department of Correctional Services ("D.O.C.S.") violated his constitutional rights through

their deliberate indifference to his medical needs.  (Docket # 1).  On September 2, 2004, the

District Court determined that plaintiff's complaint met the criteria of 28 U.S.C. §§ 1915(e) and

1915A and ordered service of the Complaint upon the named defendants.  Currently pending

before this Court are plaintiff's motions to amend his complaint and for the appointment of

counsel. (Docket # 47). By letter dated July 12, 2005, defendants' counsel has advised the Court that he does not oppose plaintiff's motions.[1]

## I.  **Motion to Amend**

Plaintiff moves to amend his complaint so that he may include additional allegations related to his initial claims. Plaintiff also seeks to provide the name of defendants previously identified only by title, join additional parties to the action and increase the amount of damages sought. (Docket # 47).

Under Rule 15(a) of the Federal Rules of Civil Procedure, once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] The original decision issued by this Court mistakenly indicated that defendants failed to respond to plaintiff's motions. Upon further review, it is evident that defendants had responded through the above-referenced July 12, 2005 letter.

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

In evaluating a motion to amend, the court should carefully consider whether the non-moving party will be prejudiced by such amendment. According to the Second Circuit, a court must consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted).

As stated above, defendants do not oppose plaintiff's motion. Nor does it appear to this Court that defendants will be prejudiced by a delay in the resolution of the matter, or that the amendment will result in the expenditure of significant additional resources. In addition, the additional allegations asserted in plaintiff's proposed amended complaint appear closely related to those claims already alleged in the original complaint.

Likewise, the additional defendants plaintiff seeks to join appear to be proper parties to this suit. Rule 20(a) of the Federal Rules of Civil Procedure provides:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

3

Fed. R. Civ. P. 20(a). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See, e.g., Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724 at *3 ("requirements of Rule 20(a) should be interpreted liberally"); *Kovian v. Fulton County Nat. Bank and Trust Co.*, 1990 WL 36809, *9 (N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of transactions or occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

   Here, it appears from a review of the complaint that the additional defendants plaintiff seeks to join were allegedly involved in a series of transactions related to the claims in the original complaint; thus, common questions of fact will likely arise between the additional parties and the originally named defendants. *See Randolph-Rand Corp. of New York v. Tidy Handbags, Inc.*, 2001 WL 1286989, *4 (S.D.N.Y. 2001) (granting plaintiff's motion to join co-defendant because separate actions "would run counter to the interests of judicial economy" and "might well require the repetition of many of the same efforts expended in [the pending] case"). Plaintiff's initial complaint alleges claims against identified medical personnel within the corrections system for failing to adequately treat plaintiff's infection. Plaintiff's proposed amended complaint alleges claims against additional medical personnel who also allegedly failed to provide adequate medical care for plaintiff's infection.

   Accordingly, considering that the initial complaint satisfied the criteria of 28 U.S.C. §§ 1915(e) and 1915A, the lack of opposition to plaintiff's motion to amend, and in view of the

presumption that leave to amend be "freely given," Fed. R. Civ. P. 15(a), I find that the underlying

facts and circumstances relied upon by plaintiff are a proper subject of relief, and therefore plaintiff

should be afforded the opportunity to test such claims on the merits.  *See United States ex rel.*

*Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d at 1254.  For

these reasons, plaintiff's motion to amend his complaint is granted.


## II.  <u>Motion to Appoint Counsel</u>

Plaintiff also moves for the appointment of counsel pursuant to 18 U.S.C. § 1915(e).  It

is well settled that there is no constitutional right to appointed counsel in civil cases.  However, under

28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears,*

*Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Such

assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254

(2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the

following:

> 1.  Whether the indigent's claims seem likely to be of substance;
>
> 2.  Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4.  Whether the legal issues involved are complex; and
>
> 5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d

58 (2d Cir. 1986).

The Court has reviewed the facts presented herein in light of the factors required by law.  Plaintiff alleges that defendants violated his constitutional rights under the Eighth and Fourteenth Amendments.  Through the current motion, plaintiff requests the assignment of counsel alleging only that such appointment is necessary because he is "not too familiar with the Court Rules or the Federal Rules and they are, somewhat, too confusing and complex."  (Docket # 47).

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time.  Indeed, plaintiff has thus far failed to establish that the case is "likely to be of substance."  *Hendricks*, 114 F.3d at 392. Moreover, the legal issues in this case do not appear to be complex, and plaintiff appears fully able to conduct his own investigation.  Further, plaintiff has not demonstrated that the appointment of counsel would be more likely to lead to a just determination in this matter.  Accordingly, plaintiff's motion for appointed counsel is denied.

## CONCLUSION

For the foregoing reasons, it is my Decision and Order that plaintiff's motion to amend the complaint **(Docket # 47)** is **GRANTED**, and plaintiff's motion for the appointment of counsel **(Docket # 47)** is **DENIED.**

**IT IS SO ORDERED.**

> *s/Marian W. Payson*
> MARIAN W. PAYSON
> United States Magistrate Judge

Dated:  Rochester, New York
       August   25  , 2005.