UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD TINDAL, 02B1872,

               Plaintiff,                 DECISION & ORDER

       v.                          04-CV-6312

GLENN S. GOORD; LESTER N. WRIGHT;
HOLLY A. COLLETT; ANTHONY J. ANNUCCI;
HEMAN FOWLER; FLOYD BENNETT;
DR. AT FIVE POINTS CORRECTIONAL FACILITY;
DR. NORTHRUP, Southport Correctional Facility;
MICHAEL MCGINNIS; PANG KOOI;
BILL ROBINSON; JOHN BURGE, Supt.;
VIRGINIA ANDROSKI; THOMAS POOLE, Supt.
and N. BRADT, Acting Supt.;

               Defendants.
_____

Plaintiff has commenced this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth and Fourteenth Amendment right to be free from cruel and unusual punishment. According to plaintiff, certain employees of the New York State Department of Correctional Services ("D.O.C.S.") violated his constitutional rights through their deliberate indifference to his medical needs because they failed to provide him with appropriate care for a sexually transmitted disease. On May 13, 2005, plaintiff moved for, among other things, the appointment of counsel pursuant to 18 U.S.C. § 1915(e). (Docket # 47). This Court denied such motion finding, *inter alia*, that pursuant to *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), plaintiff had failed to demonstrate that his case was likely to be of substance. (Docket # 72). Following that decision, by letter dated September 18, 2005, plaintiff has requested that the Court reconsider its decision denying the appointment of counsel. According to the letter, plaintiff

is now able to remember the correct dates upon which he provided urine samples for analysis, the results of which he contends were positive for a bacteria infection and thus support his constitutional claim. Because requests for counsel may be made at anytime, I will consider plaintiff's request as an additional motion for the appointment of counsel.

It is well settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1.  Whether the indigent's claims seem likely to be of substance;

2.  Whether the indigent is able to investigate the crucial facts concerning his claim;

3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.  Whether the legal issues involved are complex; and

5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d at 392; *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court has once again reviewed the facts presented herein in light of the factors required by law. Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I continue to find that the appointment of counsel is not necessary at this time. Indeed, the legal issues in this case do not appear to be complex, and, based upon the multiple motions and pleadings submitted thus far, plaintiff appears fully able to litigate this matter

on his own behalf. Further, plaintiff has not demonstrated that the appointment of counsel would be more likely to lead to a just determination. Accordingly, plaintiff's motion for appointed counsel is denied.

## CONCLUSION

For the foregoing reasons, it is my Decision and Order that plaintiff's motion for the appointment of counsel **(Docket # 97)** is **DENIED.**

**IT IS SO ORDERED.**

                                                          _s/Marian W. Payson_
                                                            MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
       October  18 , 2005.