UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD J. TINDAL,

                     Plaintiff,

          v.

GLENN S. GOORD, et al.,

                     Defendants.
_____

DECISION & ORDER

04-CV-6312L

        On July 6, 2004, plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that certain of the named defendants were deliberately indifferent to his medical needs. (Docket # 1). On August 25, 2005, this Court granted his request to amend his Complaint to add defendants and additional allegations relating to his Eighth Amendment claims. (Docket # 72).

        Currently pending before this Court are two motions to compel filed by plaintiff. (Docket ## 41 and 67). The first motion, filed on March 24, 2005, seeks to compel defendants to produce records of certain laboratory analyses purportedly performed on June 23, 2003, June 25, 2003 and March 7, 2005. (Docket # 41). Specifically, plaintiff seeks to compel production of medical records reflecting "positive urinalysis results in connection with the date of June 23, 2003 and urinalysis results of sample taken on June 25, 2003." (*Id.*). In addition, he seeks records of laboratory tests performed on March 7, 2005. (*Id.*).

        Defendants do not contest the discoverability of the requested records. Rather, they contend that the motion to compel is improper with respect to the records for tests conducted on March 7, 2005 because those records had not previously been requested. They

further agree to produce such documents if they exist.  With respect to the requested records relating to June 23 and 25, 2003, they have submitted an affidavit of Virginia Androsko affirming that she reviewed plaintiff's medical file for the requested records and determined that no responsive documents existed.  On the basis of this sworn representation, and in the absence of any proof to refute it, plaintiff's motion to compel (**Docket # 41**) is **DENIED**.

The second motion to compel seeks to compel counsel for defendants to provide to plaintiff a copy of his deposition transcript and service of process and summons forms. (Docket # 67).  By letter dated August 18, 2005, counsel for defendants advised the Court that the requested transcript was provided to plaintiff.  *See also* Letter to this Court from Benjamin A. Bruce, Esq., dated March 9, 2006.

The request for service of process and summons forms is also moot because each of the defendants named in plaintiff's amended complaint has been served and has answered the amended complaint.  Service of process has not been authorized as to any other individuals. Accordingly, plaintiff's motion to compel (**Docket # 67**) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                         *s/Marian W. Payson*
                                           MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
        March    9   , 2006.