UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD J. TINDAL,

                              Plaintiff,

                                                        <u>DECISION AND ORDER</u>

                                                        04-CV-6312L

                  v.

GLENN S. GOORD,
LESTER N. WRIGHT,
HOLLY A. COLLETT,
ANTHONY J. ANNUCCI,
N.P. HEMAN FOWLER,
FLOYD BENNETT,
NA ELMIRA C.F.
PA ROBERT MACOMBER,
DR. NORTHROP, Southport C.F.,
MICHAEL MC GINNIS,
M.D. PANG KOOI,
BILL ROBINSON,
SUPT. JOHN BURGE,
VIRGINIA ANDROSKI,
SUPT. THOMAS POOLE,
N. BRADT, ActingSupt.,
JOHN ALVES,
ANTHONY GRACEFFO,
BERNIE O'BREMSKI, Nurse Administrator,

                              Defendants.
_____

       Plaintiff, Richard Tindal, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that defendants, who at all relevant times were employed by DOCS, have

violated his rights under the Eighth Amendment to the United States Constitution. Specifically, plaintiff alleges that defendants have denied him proper medical care, beginning in September 2002 and continuing up to the present. Defendants have moved for summary judgment.

**DISCUSSION**

**I. Eighth Amendment Medical Claims:  General Principles**

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 ($2^d$ Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 ($2^d$ Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 ($2^d$ Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702).

Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting

*McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), that this standard includes both an objective and a subjective component. With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective element, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer

a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

**II. Application to this Case**

Applying these principles here, I find that defendants are entitled to summary judgment. The gist of plaintiff's claim is that he has consistently complained to defendants that he has a sexually transmitted disease ("STD"), and that they have either failed to test for it, or that they have identified the STD but have "covered up" the test results, and that they have prescribed the wrong medications for plaintiff's alleged condition.

These claims fail for a number of reasons. First, the record, including plaintiff's own allegations and evidence submitted by him, shows conclusively that plaintiff has received extensive treatment well beyond the constitutionally-required minimum. The amended complaint (Dkt. #78) alone is replete with allegations about the numerous times that plaintiff has been seen and treated by DOCS medical staff. Paragraph 23 of the amended complaint, for example, alleges that plaintiff was seen by defendant Dr. Kooi on ten occasions between September 4, 2003 and November 8, 2004.

Defendants have also submitted evidence that plaintiff was given a battery or tests, including a test for syphilis, which was negative. *See* Warner Decl. (Dkt. #143 Ex. 2) ¶ 6 and Ex. A. Plaintiff was diagnosed as suffering from certain ailments (other than an STD), such as

folliculitis and a possible bacterial infection, for which he was prescribed antibacterial and pain medications. Warner Decl. ¶¶ 6-16.

The mere fact that plaintiff disagrees with defendants about the nature of his condition does not give rise to a genuine issue of material fact. *Chance*, 143 F.3d at 703. Furthermore, even if plaintiff is correct that he has been misdiagnosed, or given the "wrong medication" (and there is no evidence to support that allegation), that at most would amount to a claim of medical malpractice, which does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106. Plaintiff's insistence that defendants have lied about his test results or engaged in some sort of coverup is wholly conclusory and speculative, and without support in the record. *See Branch v. Brown*, No. 01 CIV. 8295, 2003 WL 21730709, at *13 (S.D.N.Y. July 25, 2003) ("Branch's conclusory allegation that [nurse administrator] is lying [concerning inmate's medical condition] does not raise an issue of fact"). The record thus demonstrates that plaintiff has made out neither the objective nor the subjective component of an Eighth Amendment claim.[1]

**III. Plaintiff's Motions**

Plaintiff has also filed a motion for summary judgment, alleging that defendants's motion was filed after the October 17, 2005 deadline for filing dispositive motions. He contends that "[n]o extensions of the cutoff date ... was ever filed ... ." Dkt. #147 ¶ 5.

---

[1] Although my decision in this regard is a sufficient basis upon which to dismiss the entire complaint, I also note that plaintiff has sued several supervisory defendants, specifically defendants Burge, Goord, Wright, Collett, Annucci, Poole, McGinnis, and Bennett, alleging that they failed to act on his complaints about his medical care. The claims against these defendants are also subject to dismissal for lack of personal involvement on their part. *See Allah v. Poole*, 506 F.Supp.2d 174, 193 (W.D.N.Y. 2007).

That is incorrect. Although there once was an October 17, 2005 deadline, *see* Dkt. #36, that was superseded by a scheduling order issued by the Court on July 26, 2007 (Dkt. #137), setting October 5, 2007 as the deadline for defendants to file a dispositive motion. That order was issued following a telephonic status conference held that same day, in which plaintiff participated. Defendants' motion, which was filed on October 5, 2007, is therefore timely.

Plaintiff has also filed what amounts to a motion for injunctive relief (Dkt. #149), seeking an order directing that he be transferred to a different facility. That motion is denied. Plaintiff has not met the standards for the issuance of preliminary injunctive relief in this circuit. *See Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 172 ($2^d$ Cir. 2001); *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 64 ($2^d$ Cir. 1996).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #140) is granted, and the complaint is dismissed.

Plaintiff's motions for summary judgment (Dkt. #147) and his motion for injunctive relief (Dkt. #149) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 14, 2008.